Richard Anthony KURTZ, III, and Jerry Lynn Kurtz, Personal Representatives of the Estate of Michael Dale Kurtz, Deceased, Appellants,

v.

AMERICAN FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee.

No. 60930.

Supreme Court of Oklahoma.

Oct. 16, 1984.

Roger D. Everett, Porta, Bass & Bass, El Reno, for appellants.

William Douglas Giessmann, Norman, for appellee.

ALMA WILSON, Justice.

Decedent entered into a loan transaction with American Federal Savings and Loan Association to obtain funds to pay off an interim real estate financing note and mortgage held by another lending institution. At closing appropriate documents were presented to Decedent. All documents were signed by both parties, with the exception of an optional credit life insurance application of First Pyramid Life Insurance Company of America. Decedent partially completed this application, but did not sign it.

American Federal had been authorized by Pyramid only to take applications for Pyramid, subject to Pyramid's right of final approval. Accordingly, the first paragraph of Pyramid's insurance application stated in bold print:

"APPLICATION IS HEREBY MADE FOR DECREASING TERM INSURANCE ON THE LIFE OF THE PROPOSED INSURED. *IT IS UNDERSTOOD THAT THE COMPANY SHALL INCUR NO LIABILITY BECAUSE OF THIS APPLICATION UNLESS IT IS APPROVED BY THE COMPANY* AND THE FIRST PREMIUM PAID WHILE THE HEALTH AND OTHER CONDITIONS AFFECTING THE INSURABILITY OF THE PROPOSED INSUREDS ARE AS DESCRIBED IN THIS APPLICATION." (Emphasis added.)

Also among the documents presented to Decedent was a Truth in Lending Notice of Right of Rescission and Disclosure Statement, as required by law. At the bottom of the loan disclosure statement Decedent checked the blank indicating his desire to procure credit life insurance from Pyramid. At closing, Decedent tendered the sum of $815.15, covering closing costs and the first premium payment to be forwarded to Pyramid.

The closing took place on Friday, October 29, 1981. The three day rescission period, of which Decedent was informed, was to last until midnight of November 2, 1981. Decedent died on Monday, November 1, 1981. The incomplete insurance application and $57.60 premium payment had not been forwarded to Pyramid for approval at the time Decedent expired. No action had been taken by Decedent either to waive the right of rescission or to rescind the agreement.

Decedent's personal representatives brought this action against American Federal alleging two theories of recovery, breach of contract and negligent failure to procure life insurance for their decedent. The trial court granted summary judgment in favor of American Federal on the breach of contract theory. Decedent's representatives challenge this ruling on appeal and further maintain the trial court improperly overruled their own motion for partial summary judgment on the negligence theory of recovery.

The substance of Decedent's representative's position is that American Federal incurred an immediate duty of performance to procure credit life insurance for Decedent at the time the parties closed their loan transaction, and that this duty survived Decedent's death. It is American Federal's position that at the time of Decedent's death, the contract to procure credit life insurance, although consummated for the purpose of initiating the three day right of rescission period granted to borrowers by law, remained executory as to time of performance. As the death of Decedent occurred before the expiration of the rescission period, American Federal asserts the time of performance was never activated, and any subsequent duty to procure life insurance for Decedent was discharged by impossibility of performance. American Federal further points out that the alleged agreement was not to *provide* insurance, but to attempt to *procure* the desired insurance for Decedent from a third party.

As a preliminary matter, we note that the contention that American Feder-

al's duty extended to procuring credit life insurance after Decedent's death is clearly erroneous. The death of a party necessary to the performance of a contract discharges any obligation of the parties. *See* Corbin on Contracts, § 1334 (1952); *See also,* 43 Am.Jur.2d *Insurance* § 201 (1982), which states:

"As a general rule and apart from express stipulations to the contrary effect, a contract of insurance is consummated by and not until the unconditional acceptance of the application of proposal for such insurance, and this is the rule even though the application or proposal is accompanied by the payment of the premiums. The acceptance must be in the lifetime of the applicant. If the death of the applicant intervenes, no contract is effected."

Appellee's duty to procure the credit life insurance ended on the death of Decedent.

 We also note that Decedent's failure to complete and sign the insurance application did not relieve American Federal from its duty under the agreement contained in the disclosure statement. A signed application is not a condition precedent to an agreement to act on behalf of another to attempt to procure insurance from a third party. *See* 43 Am.Jur.2d *Insurance* § 199 (1982).

The Oklahoma Consumer Credit Code requires that a customer of a lending institution who executes an agreement to borrow money be granted a three day right to rescind that agreement, and that right must be clearly explained to the customer at the time the loan is made. *Rules of the Oklahoma Administrator,* § 226.9 (1982).

 It is axiomatic that in order to *rescind,* that is, abrogate, annul, avoid, or cancel a contract, there must first be a consummated contract in existence. With respect to the consummation of consumer credit transactions, *Rules of the Oklahoma Administrator,* § 226.2(cc) (1982) provides:

"A transaction shall be considered consummated at the time a *contractual relationship* is created between a creditor and a customer *irrespective of* the *time of performance* of either party." (Emphasis added.)

By virtue of this provision, the loan transaction which is the subject of this appeal was in fact consummated at closing. Accordingly, American Federal, at that time, became obligated to attempt to procure credit life insurance for Decedent. Decedent's representatives, however, further rely upon this provision as authority that Appellee's contractual obligation necessarily became immediately due and performable at the time of closing. This conclusion is erroneous. A plain reading of the above provision establishes that the date of consummation is not determined by reference to performance, but only to a contractual relationship. This relationship comes into existence when the creditor agrees to extend credit and the customer agrees to borrow. This may be accomplished through a properly drawn committment agreement which is given by the creditor and accepted by the customer. Assuming that, in fact, a contractual relationship is established, and all applicable disclosures are made, the three day rescission period would begin to run at this point.[1]

As to this three day interim period, however, Section 226.15 of the *Rules, supra,* specifically provides that:

"Unless a consumer waives the right to rescind ... no money shall be disbursed other than in escrow, *no services shall be performed,* and no material delivered until after the rescission period has expired and the creditor is reasonably satisfied that the consumer has not rescinded." (Emphasis added.)

Thus, the duty of performance is activated at the conclusion of the rescission period after the creditor has reasonably satisfied himself that the customer has not exercised his right of rescission. The transaction

---

1. *See* FRB Letter of August 19, 1969, No. 69 by Milton W. Schober, Assistant Director. Consumer Credit Guide (C.C.H.), 1981, Para. 30,447.

could then be completed.[2] We conclude American Federal was not bound to perform during the three day rescission period as a matter of law.

Assuredly, the Code was enacted to protect consumers against unfair practices by some suppliers of consumer credit; however, a borrower receiving a three day right to rescind may not fairly expect immediate performance by the lender while borrower may, during this period, unilaterally cancel the contract entered into without penalty.

For the reasons expressed herein, we find the decision of the trial court granting American Federal's motion for summary judgment correct. As American Federal acquired no duty to presently perform prior to the prospective insured's death, we do not reach consideration of the negligent failure to perform theory of recovery.

The summary judgment is affirmed.

HODGES, LAVENDER, HARGRAVE and KAUGER, JJ., concur.

BARNES, C.J., and SIMMS, V.C.J., concur in result.

OPALA, J., concurs in judgment only.

DOOLIN, J., dissents.